# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WARREN EASTERLING,

        Petitioner,    :    Case No. 3:14-CV-064

  - vs -                             District Judge Thomas M. Rose
                                            Magistrate Judge Michael R. Merz

CARL HENDERSON, Judge of
  the Dayton Municipal Court

                                              :

        Respondent.

## SUBSTITUTED REPORT AND RECOMMENDATIONS

Petitioner Warren Easterling brought this action to obtain relief from the failure of Respondent, The Honorable Carl Henderson, to grant Easterling's motion for relief from judgment in a criminal case, *State of Ohio v. Warren Easterling*, Case No. 13CRB820, on the docket of the Dayton Municipal Court.  Easterling was granted leave to proceed *in forma pauperis* and so the Magistrate Judge reviewed the case under 28 U.S.C. § 1915(e)(2).

Having completed that review, the Magistrate Judge concluded the Complaint was objectively frivolous and should be dismissed for a number of reasons (Report and Recommendations, Doc. No. 4, hereinafter the "Report).  Easterling objected (Doc. No. 5) and also sought and received leave to amend (Doc. No. 6).  The Magistrate Judge then withdrew the Report so that the § 1915(e)(2) review could be applied to the Complaint as amended (March 7, 2014, notation order).  This Substituted Report and Recommendations offers that analysis.

28 U.S.C. § 1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

1

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Dismissal is permitted under § 1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

Respondent Henderson is a judge of the Dayton Municipal Court. In that capacity he was assigned to preside in *State v. Easterling, supra*, in which it was charged that Easterling committed criminal trespass at 41 North Perry Street on February 5, 2013 (Criminal Complaint,

Doc. No. 1, Ex. 6, PageID 31).  After a bench trial, Easterling was found guilty (Final Appealable Entry and Order, Doc. No. 1, Ex. 5, PageID 30).  Judge Henderson sentenced Easterling to thirty days confinement (with credit for one day served) and a fine of $200, all suspended on condition that Easterling complete six months of unsupervised community control and not be present in the Montgomery County Courts Building without a deputy sheriff escort. *Id.*

Easterling did not appeal from that judgment.  Instead, on May 2, 2013, he filed a Motion for New Trial, which was promptly ruled upon and denied by Judge Henderson on July 23, 2013.  In addition, on July 11, 2013, Easterling filed a Motion for Relief from Judgment Order which he characterizes as being brought under Ohio R. Civ. P. 60. *Id.* at Exhibit 1, PageID 20-24. According to Easterling's Complaint in this Court, Judge Henderson has not decided that Motion (Complaint, Doc. No. 1, PageID 7).  Easterling alleges Judge Henderson's failure to decide is a violation of 42 U.S.C. § 1985(2) and (3), and 18 U.S.C. §§ 241 and 242.  Easterling claims he has a Fourteenth Amendment right to have his Motion for Relief from Judgment decided and that this Court should therefore enjoin Judge Henderson "from violating the Petitioner's Fourteenth [Amendment] rights. . ." *Id.*  He requests this Court to issue "an order directing the Respondent to perform his lawful duties as a judge in case 13CRB820 to hear and provide a ruling according to law, evidence and procedure." *Id.* at PageID 19.

It is unclear whether Easterling is asking this Court merely to order Judge Henderson to decide the motion for relief from judgment or whether he is asking us to order that the motion be decided correctly.  However, this Court cannot properly do either for the reasons given below.

3

1.     **Ohio R. Civ. P. 60 Is No Longer In Issue**

Easterling's undecided motion was filed under Ohio R. Crim. P. 47.[1]  As pointed out in the Report, the Ohio Rules of Civil Procedure apply only in civil actions.  Ohio R. Civ. P. 1(A). Easterling has now amended his Complaint to clarify that the undecided motion in Dayton Municipal Court is brought under Ohio R. Crim. P. 47 and is in the nature of a motion in arrest of judgment.

2.     **Easterling Has No Standing to Bring Claims Under 18 U.S.C. §§ 241 or 242.**

Easterling purports to bring two of his claims under 18 U.S.C. §§ 241 and 242.  These are criminal prohibitions contained in Title 18, the United States Criminal Code.  Only the United States of America as sovereign can bring criminal charges against someone and then only by complaint filed by the United States Attorney or an indictment returned by a federal grand jury. Easterling therefore lacks standing to bring these two claims against Judge Henderson.  This basis for dismissal is stated in the Report and Easterling has provided no contrary authority.

3.     **This Court Must Abstain from Interfering with a State Criminal Case.**

*Younger v. Harris*, 401 U.S. 37 (1971), requires federal courts to abstain from acting where (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his

---

[1] While in the heading of his motion, Easterling refers to "Rule 47," he repeatedly characterized it in his original Complaint in this Court as brought under Rule 60.

4

constitutional claims. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n.,* 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995); *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989). *Ohio Civil Rights Com. v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986). At the core of *Younger* abstention is the requirement not to interfere in state criminal proceedings where the State's interest is most evident. Easterling asks us to intervene to order a state court judge to decide a motion in a matter pending in a state court.

The Magistrate Judge relied on *Younger* abstention as a basis for dismissal in the original Report and Easterling has provided no contrary authority in his objections. He cites *Ex parte Young*, 209 U.S. 123 (1908), which recognized an injunctive relief exception to the Eleventh Amendment.[2] But the continued authority of *Young,* which the Court accepts, does not except this case from the abstention doctrine of *Younger v. Harris, supra*. In other words, to prevail in obtaining injunctive or mandamus relief against Judge Henderson, Easterling must satisfy both *Young* and *Younger*.

Easterling does not deal with the *Younger* abstention issue in his objections. Instead he says he can satisfy the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), if he pleads an injury in fact, damages, and a remedy at law "set by precedence in *Ex Parte Young*, 209 U.S. 123 (1908) of which this court is powerless to overrule." (Objections, Doc. No. 5, PageID 77-78.) The asserted injury in fact is Judge Henderson's failure to rule on Easterling's motion in arrest of judgment and Easterling's damages are that he is the subject of "a false criminal record, based upon an invalid judgment, which lasts a lifetime." *Id.* at PageID 78-79. This analysis confirms the analysis in the original

---

[2] It is ironic that Mr. Easterling, who has insisted in another case, *Easterling v. Crawford*, 3:13-cv-430, that the Supreme Court precedent found in *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983), cannot "overrule" the text of a federal statute, 28 U.S.C. § 1331, should claim in this case that a Supreme Court decision in Young can overruled the express text of the Constitution itself.

Report: Easterling seeks this Court's interference in an ongoing state criminal prosecution which is forbidden under *Younger, supra*.

**4. Easterling Cannot Obtain Relief from a State Court Criminal Judgment in a Civil Rights Case.**

Assuming, in the alternative, that Easterling contends the state court proceedings are completed, *Younger* abstention would not bar this Court from acting. However, a state criminal defendant cannot obtain relief from a judgment in state court by filing a civil rights action, whether under 42 U.S.C. § 1985, or otherwise; to do so would frustrate the habeas corpus exhaustion requirements. *Preiser v. Rodriquez*, 411 U.S. 475 (1973).

**Conclusion**

Based on the foregoing analysis, the Complaint herein, as amended, should be dismissed for failure to state a claim upon which relief can be granted as to the claims under 42 U.S.C. § 1985 and for lack of standing to bring criminal actions as to the claims under 18 U.S.C. §§ 241 and 242. To the extent Petitioner asserts the underlying case remains pending, this Court should abstain under *Younger v. Harris, supra*. To the extent Petitioner asserts the underlying case is completed, the Complaint fails to state a claim upon which relief can be granted under the civil rights laws and must be brought in habeas corpus.

March 10, 2014.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).